FILED
SUPERIOR COURT
OF GUAM

2023 DEC 29 PM 3: 46

CLERK OF COURT

BY:_____ 8m _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LIN SHR CONSTRUCTION CO., INC. dba LIN'S HARDWARE STORE, and YU YAO LIN, | CIVIL CASE NO. <u>CV0029-22</u> |
| Plaintiff, | **DECISION AND ORDER REJECTING IN PART AND GRANTING IN PART DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| ACETOWN, INC., | |
| Defendants. | |
| ACETOWN, INC., | |
| Counterclaimants, | |
| vs. | |
| LIN SHR CONSTRUCTION CO., INC. dba LIN'S HARDWARE STORE, and YU YAO LIN, | |
| Counterclaim Defendants. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on October 2nd, 2023, for a Motion Hearing on Acetown, Inc.'s ("Acetown") ("Defendant/Counterclaim Plaintiff") Motion for Summary Judgment against Lin SHR Construction Co., Inc. and Yu Yao Lin (collectively "Plaintiffs/Counterclaim Defendants"). Anita Arriola appeared for Acetown and Charles McDonald appeared for Lin SHR Construction Co., Inc. and Yu Yao Lin. After reviewing the

record, relevant law, and arguments from the parties the Court finds that Defendant failed to prove that there are no genuine issues as to material facts involving Causes of Action 1 – 5 (Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Negligence, Intentional Infliction of Emotional Distress, and Injury to Real and Personal Property) and the Defendant is not entitled to judgment as a matter of law. Regarding Cause of Action 6 (Deceptive Trade Practices), however, Defendant successfully proved that there are no genuine issues as to material facts and is entitled to judgment as a matter of law. The Motion for Summary Judgment is therefore **REJECTED IN PART** and **GRANTED IN PART**.

## BACKGROUND

On or about June 21, 2017, Plaintiff Lin SHR Construction Co., Inc. dba Lin's Hardware ("Lin's") entered into a Lease Agreement with Acetown for a portion of Lot No. 5016-NEW, Harmon, Dedeo, Guam containing an area of 24,448 square feet ("the Premises"). Def.'s Stmt. of Undisp. Facts. ¶ 2 (May 1, 2023). On the premises, Plaintiff started operating a supply store that sells various materials and fixtures, including kitchen and bathroom fixtures, tiles, doors, LED lights, solar lights, windows, cabinets, and electric gate motors ("the Inventory"). Pltf. Compl. ¶ 2 (January 7th, 2022). The Lease was from June 22, 2012, to June 21, 2017, a five-year term. Def.'s Stmt. of Undisp. Facts. ¶ 2 (May 1, 2023).

Plaintiff argues that when they entered into possession of the property, "Defendant exercised full and complete control and supervision of the capital and structural parts of the premises." Pltf. Compl. ¶ 2-3 (January 7th, 2022). Defendant, however, argues that under Section 14 of the Lease, the Plaintiff agreed to maintain and repair the premises and comply with all government regulations, including fire department and public safety codes. Def.'s Stmt. of

Undisp. Facts. ¶ 2-3 (May 1, 2023). In June 2020, a fire suppression system pipe broke and in June 2021, water from heavy rainfall penetrated the premises, resulting in damages to Plaintiff's inventory and business. Pltf. Compl. ¶ 3 (January 7th, 2022). Plaintiff gave notice to Defendant regarding the building's fire suppression system and the leak, but Plaintiff claims Defendant ignored their concerns. *Id.* Defendant later demanded that Plaintiff vacate the premises and sent an inspector to threaten an alleged safety violation. *Id.* ¶ 3-4. Plaintiff filed a Complaint on January 7, 2022 for six causes of action: (1) Breach of Contract, (2) Breach of Implied Covenant of Good Faith and Fair Dealing, (3) Negligence, (4) Intentional Infliction of Emotion Distress, (5) Injury to Real and Personal Property, and (6) Deceptive Trade Practices. Pltf. Compl. ¶ 4-9 (January 7th, 2022). Defendant filed for summary judgment on May 1, 2023. Def. Mot. For Sum. Judgment (May 1st, 2022).

## DISCUSSION

Under Rule 56(a) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Flores*, 2004 Guam 25 ¶ 7. Summary judgment is proper only where there is no genuine dispute as to any material fact. GRCP 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 30 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether a fact is material is determined by the governing substantive law; if the fact may

affect the outcome, it is material. However, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## A. A Question of Material Fact Remains Concerning Who Was Responsible for the Fire Suppression System Under the Lease Between Acetown and Lin SHR Construction

Defendant argues in their Motion for Summary Judgment that "Lin's breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and personal property claims all revolve around the allegation that Acetown was responsible for repairing and maintaining the fire suppression system and the Premises generally." Def. Mot. For Sum. Judgment ¶ 2-3 (May 1st, 2022). According to the Defendant, the plain and unambiguous language of the lease between Acetown and Lin makes it clear that Lin's was "responsible for repairing and maintaining the fire suppression system and the Premises." *Id.* ¶ 3.

Plaintiff, on the other hand, argues that despite the language of the lease, Acetown was the one who installed the fire suppression system and "on numerous occasions made repairs to the fire suppression system." Pltf. Opp. to Def. Mot. For Sum. Judgment ¶ 4 (June 30th, 2023). Further, Plaintiff claims that Acetown itself chose to repair the fire suppression system with PVC pipes and shut off the water to the system rendering the system noncompliant with the fire code. *Id.* Finally, the fire suppression system was a system for the entire building, not just the premises where Lin was a tenant. *Id.*

Given this course of performance by Acetown, a question of material fact remains about whether their lease with Lin was modified. "The course of performance doctrine—under which a contract can be modified by the post-contractual conduct of the parties—is a basic building block of U.S. contract law." Uri Benoliel, *The Course of Performance Doctrine in Commercial*

*Contracts: An Empirical Analysis*, 68 DePaul L. Rev. 1 (2018). Further, the Guam Supreme Court has held that when interpreting a contract, "an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect." *See Guam Reports, Inc. v. G.C. Corporation* 2013 Guam 18 ¶ 39 (*quoting* Restatement (Second) of Contracts § 203(a)(1981)). Further, "repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection is given great wight in the interpretation of the agreement." *Id.* Given that Acetown allegedly acted as if the fire suppression system was their own responsibility, this course of performance may have modified the terms of the lease. Thus, a question of material fact remains over who was responsible for the fire suppression system under the lease.

According to Defendant, this has implications for several claims before this court, specifically: breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and injury to real and personal property.

### i. Breach of Contract

To establish a breach of contract, a plaintiff must prove (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff. *See Hemlani v. Hemlani* 2015 Guam 16 (April 29, 2015). The contract in question in this case is the lease, and Defendant argues that they did not breach the lease, because they had no obligation, under the written terms, regarding the fire suppression system. Def. Mot. For Sum. Judgment ¶ 4 (May 1st, 2022). Whether Defendant modified the contract through their course of performance[1], however, remains a question of material fact to be

---

[1] *See Guam Resorts, Inc. v. G.C. Corporation (quoting* Restatement (Second) of Contracts § 203(a)(1981)).

determined at trial. Therefore, this court cannot presently determine the outcome of the breach of contract claim and summary judgment cannot be granted.

### ii. Breach of Implied Covenant of Good Faith and Fair Dealing

The "covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party form unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal. 4th 1, 35, 44 Cal. Rptr, 2d 370, 900 P.2d 619. A "covenant of good faith and fair dealing... cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement. *Quijano v. Atkins-Kroll, Inc.*, 2008 Guam 14 ¶ 2 n.2, quoting *Guz v. Bechtel Nat'l Inc.*, 8 P. 3d 1089, 1110 (Cal. 2000). Defendant argues that Plaintiff is claiming that Defendant was obligated to perform certain services under the Lease that are simply not in the Lease, and that the accusations of retaliation by the safety inspector are unfounded. Def. Mot. For Sum. Judgment ¶ 6-7 (May 1st, 2022). For the same reasons above, whether Defendant modified the contract through their course of performance remains a question of material fact to be determined at trial. Further, whether Defendant's use of the safety inspector constituted retaliation is a genuine dispute of material fact. Therefore, this court cannot presently determine the outcome of the breach of implied covenant of good faith and fair dealing claim, and summary judgment cannot be granted.

### iii. Negligence

In a cause of action for negligence, the Plaintiff must prove the following elements: (1) that Defendant had a duty to act in a manner that did not place the Plaintiff in an unreasonable risk of harm; (2) that duty was breached; (3) the breach was the actual cause and proximate cause of the plaintiff's injury; and (4) as a result of that cause, the Plaintiff suffered damages. *See Restatement*

6

*(Second) Torts Section 281 and 282 (1988); Guerrero v. DLB Const. Co*, 1999 Guam 9, ¶ 14.

Defendant argues that tort law cannot be used to compensate parties for losses suffered from a

breach of contract and cites *Maeda Pacific Corp. GMP Hawaii, Inc.*, 2011 Guam 20 ¶ 30. Plaintiff,

however, argues that *Maeda* is more narrowly tailored than this and the economic loss doctrine

only applies to design professionals, not general property damage. Pltf. Opp. to Def. Mot. For

Sum. Judgment ¶ 7-9 (June 30th, 2023). Whether the economic loss doctrine applies to this case

therefore remains a genuine dispute of material fact to be determined at trial. Finally, Defendant

argues that they did not have the necessary duty, because they were not responsible for the fire

suppression system under the lease. Def. Mot. For Sum. Judgment ¶ 4-6 (May 1st, 2022). For the

same reasons regarding the breach of contract and breach of good faith and fair dealing claims

above, however, the question of liability under the lease remains a legitimate question of material

fact for trial. Therefore, this court cannot presently determine the outcome of the negligence claim,

and summary judgment cannot be granted.

### iv. Injury to Real and Personal Property

Plaintiff alleges an injury to their real and personal property, but it is not clear which type

of property damage claim is being asserted: negligence, trespass to chattels, conversion, trespass

to land, product liability, or a contractual remedy. Given that the Plaintiff does not specifically

state which property claim is being made, this Court cannot discern the legal elements and

therefore summary judgment cannot be granted. Further, for the same reasons regarding the claims

above, the question of liability under the lease remains a legitimate question of material fact for

trial.

Defendant argues that the property injury is again a regurgitation of the negligence and

breach of contract claims and that there can be "no double (or in this case, triple) recovery of a

single wrong." Def. Mot. For Sum. Judgment ¶ 7-8 (May 1st, 2022) (*quoting B.M. Co. v. Avery*, 2001 Guam 27 ¶ 38 and *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 13). It is true that regardless of the number of legal theories advanced, the plaintiff "is not entitled to more than a single recovery for each distinct item of compensable damages supported by the evidence." *See Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 13. Plaintiff concedes, however, that they do not plan to recover more than once for the same wrong. Pltf. Opp. to Def. Mot. For Sum. Judgment ¶ 10 (June 30th, 2023). Therefore, Plaintiff should be allowed to advance as many legal theories as they prefer in order to find out which theories are persuasive at trial, and then determine recovery if any recovery is due.

### B.  A Question of Material Fact Remains Concerning the Plaintiff's Intentional and Negligent Infliction of Emotional Distress

To recover for negligent infliction of emotional distress, a complainant must show: (a) the tortfeasor acts in a manner that is extreme and outrageous; and (b) that the tortfeasor should have realized that his conduct posed an unreasonable risk of causing distress that might result in illness or bodily harm. *See Guerro v. DLB Const. Co.* 1999 Guam 9 ¶ 17 (*quoting* Restatement (Second) Torts §§ 46 and 313 (1988)). The elements of intentional infliction of emotional distress ("IIED") are: (1) extreme and outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional distress, on the plaintiff's part; and (4) actual and proximate causation of that emotional distress. *See Cruz Reyes v. U.S.* 2010 WL 5207583 (*quoting* Restatement (Second) of Torts § 46 (1965)).

Defendant argues that none of the allegations constitute conduct so outrageous that it goes beyond all bounds of decency, citing California law. Def. Mot. For Sum. Judgment ¶ 8-10 (May 1st, 2022), citing *Standard Wire & Cable Co.* 57 USLW 2262 (The plaintiffs' distress–headaches, insomnia, anxiety, irritability–is not 'severe' under California law, and the actions of the

8

Defendants were privileged because they were done in pursuit of their lawful business interests, and not outrageous, as just mentioned). Plaintiff argues in response that whether alleged conduct is extreme or outrageous enough to be actionable is an issue to be resolved at trial. Pltf. Opp. to Def. Mot. For Sum. Judgment ¶ 10-12 (June 30th, 2023), citing *Dawson v. Entek Intern* 630 F.3d 928 ("Whether the conduct alleged is sufficiently extreme or outrageous to be actionable is a fact-specific inquiry, one to be made on a case-by-case basis considering the totality of the circumstances"). This Court agrees and we cannot presently determine the outcome of either claim for infliction of emotional distress, thus summary judgment cannot be granted.

## C. Plaintiff's Deceptive Trade Practices Act Claim Fails to Meet Statutory Prerequisite.

The Guam Deceptive Trade Practices Act (the "DTPA"), 5 G.C.A. 32100 requires that "as a prerequisite to filing a suit seeking damages against any person by a consumer not represented by the Attorney General, a consumer shall give written notice to the person at least thirty (30) days before filing the suit advising the person, in reasonable detail, of the consumer's specific complaint and the amount of actual damages and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the party." 5 G.C.A. § 32110(a).

Defendant argues that Plaintiff failed to provide the prerequisite notice requirement under the statute and thus, summary judgment should be granted in the Defendant's favor. Def. Mot. For Sum. Judgment ¶ 8-10 (May 1st, 2022). Plaintiff argues that they did substantially comply with the notice requirements of the DTPA and that their initial letter outlines in reasonable detail Lin's specific complaint in the amount of actual damages it incurred as of that date. Plaintiff concedes that they failed to mention attorney's fees, but at the time they were nominal, and reminds this Court that the DTPA is designed to be construed liberally in order to protect consumers. Pltf. Opp.

to Def. Mot. For Sum. Judgment ¶ 13-15 (June 30th, 2023), citing 5 G.C.A. § 32108. Defendant responds that where the statute lays out specific requirements and indicates exactly what is necessary for compliance, a plain reading construction should be applied. Def. Reply in Supp. of Sum. Judgment ¶ 9-10 (July 31st, 2023), citing *Core Tech Internat'l Corp. v. Hanil Engin'g & Constr. Co., Ltd.,* 2010 Guam 13 ¶ 19. This case involved Guam's mechanic lien statute, however, and the Court agrees that the DTPA should be construed liberally based on the text of 5 G.C.A. § 32108. The attorney's fees were nominal at the time and their omission should not prevent the claim from proceeding to trial. Plaintiff does point out, however, that Defendant failed to serve the Attorney General with a copy of the complaint and summons required under 5 G.C.A. § 32115. *Id* ¶ 10. Although the DTPA is construed liberally, given that the Plaintiff has not filed for Leave to Amend nor served the Attorney General at all, Summary Judgement must be granted for now.

## CONCLUSION

Viewing the disputed facts in the light most favorable of the non-moving party, the Court finds that there are questions of material fact involving causes of action 1-5 (Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Negligence, Intentional Infliction of Emotional Distress, and Injury to Real and Personal Property), and therefore judgment cannot be granted as a matter of law. The Court finds that there are no questions of material fact involving causes of action 6 (Deceptive Trade Practices), however, and therefore judgment can be granted as a matter of law.

Accordingly, the Court hereby **GRANTS IN PART** and **REJECTS IN PART**

Defendant's Motion for Summary Judgment.

**SO ORDERED**, this 29TH day of December, 2023.


_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**